## IMMUNITY FROM STATUTE OF LIMITATIONS NOT TRANSFERABLE.

Circuit Court of Hamilton County.

CHARLES H. WILTSIE V. JOHN B. MCCLYMON ET AL.

Decided, February 6, 1909.

*Taxation—Lien for Money Paid at Delinquent Tax Sale—Subject to Statute of Limitations—Defenses—Section 2880.*

1. The plea of the statute of limitations is a good defense against an action to subject lands to satisfaction of a lien for money paid for said lands at a tax sale which proved invalid.
2. The six year statute of limitations applies in such a case.

*Wm. F. Chambers,* for plaintiff.
*John J. Acomb* and *Harmon, Colston, Goldsmith & Hoadly,* contra.

SWING, P. J.; GIFFEN, J., and SMITH, J., concur.

This is an action to subject lands to the payment of certain sums of money paid to the state on the sale of said lands at delinquent tax sale.

The petition alleges that plaintiff bought the land at delinquent tax sale in February, 1898; that said sale was invalid by reason of certain irregularities; that he paid the taxes of December, 1898, and the June tax of 1899; and he asks judgment for the amounts paid at the respective dates with interest, and asks for a foreclosure of his lien on the land.

Defendants filed an answer setting up a general denial and also a plea of the statute of limitations pleading the bar of six years. This action was brought January 21, 1907.

We are of the opinion that the plea of the statute of limitations is a good defense to this action.

It is conceded that the statute of limitations does not run against the state for taxes, and it is insisted that this exemption is transferred to the purchaser at tax sales by virtue of Section 2880, Revised Statutes, wherein it is provided that if the tax sale is proven to be invalid, the purchaser shall be entitled to receive from the properties the amount of the taxes and the land shall be bound for the payment of the same.

The right of the purchaser to maintain this action and have a lien on the land is conferred by the statute, and is not inherent in him, and in transferring this right to the purchaser the state does not confer with it the right of the sovereign not to be bound by any statute of limitations, and whatever right the purchaser gets is governed by the statute of limitations.

The provision of the statute applicable to this case is the six year limitation. This action was not brought until after six years had elapsed after the cause of action accrued.

The two propositions in the syllabus in the case of *Hartman* v. *Hunter*, 56 O. S., 157, are decisions of the two propositions involved in the determination of the questions here raised.

Petition dismissed.